**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **BRENDIA FORD** | **CIVIL ACTION** |
| **VERSUS** | **NUMBER 12-325-BAJ-DLD** |
| **CARL ROGERS** | |

## <u>NOTICE</u>

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have 14 (fourteen) days from date of receipt of this notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report. A failure to object will constitute a waiver of your right to attack the factual findings on appeal.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on July 19, 2012.

                                                     **MAGISTRATE JUDGE DOCIA L. DALBY**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **BRENDIA FORD** | **CIVIL ACTION** |
| **VERSUS** | **NUMBER 12-325-BAJ-DLD** |
| **CARL ROGERS** | |

## MAGISTRATE JUDGE'S REPORT

This matter is before the court on a referral from the district court of plaintiff's application for leave to proceed *in forma pauperis* (rec.doc. 2), and plaintiff's motion to consolidate complaint (rec.doc. 5).

*Background*

The court previously determined that plaintiff Ford met the financial prerequisite to proceed *in forma pauperis*; however, the complaint as written was deficient in several areas. First, the caption of the complaint listed a non-profit corporation along with "Dr. Brendia A. Ford" as plaintiffs. (rec.doc. 1) In the opening paragraph of the complaint, Ford requested "the filing of charges of fraud, slander of character and professional attributes, continual harassment not limited to the Board of Supervisors of the 501(c) federal non-profit but also of minor student victims per Sheriff Report and extortion of funds from the non-profit." As Ford is appearing herein *pro se* on her own behalf, the non-profit corporation/Board of Supervisors is unrepresented in this suit, and Ford, unless she is an attorney, may not make an appearance on their behalf. Also, the remaining plaintiffs have not filed applications for leave to proceed *in forma pauperis*, and the court allowed those plaintiffs an opportunity to amend their complaint to address the deficiencies and to file for *in forma pauperis* status, if they wished to do so.

In the original complaint, plaintiff Ford also stated that, "pursuant to the law of the State of Louisiana and the Federal Rules of Criminal Procedures, we the Plaintiffs are requesting that charges be placed against Mr. Carl Rogers, ET AL on the aforementioned allegations and that an investigation emerge immediately...." Id. This complaint as written, especially with regard to the form and substance of the complaint, is not in compliance with Rule 8(a)(2) of the Federal Rules of Civil Procedure. Rule 8(a)(2) sets out the fundamental pleading standard for civil litigation and governs all claims in a civil suit, requiring a "short plain statement of the claim showing that the pleader is entitled to relief." This "short plain statement" would be the substance of the complaint, and would include factual allegations that are "enough to raise the right to relief above the speculative level . . . on the assumption that all of the allegations in the complaint are true (even if doubtful in fact),"[1] and would respect "all the material elements necessary to sustain recovery under some viable legal theory."

In this case, it was impossible to determine what viable legal theory exists, which factual allegations existed which would raise the right to relief above the speculative level, and most particularly, what basis existed for subject matter jurisdiction by a federal court. For example, plaintiff Ford alleged what she describes as "criminal acts" by defendant in violation of some state court order, which appear to arise out of a lease purchase issue, but these allegations raise no basis for subject matter jurisdiction by a federal court. Thus, plaintiffs were afforded an opportunity to amend their complaint to state specifically the basis of this court's subject matter jurisdiction. The court thereafter ordered that plaintiffs

---

[1] *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007).

file an amended complaint within 30 days which addressed the identified deficiencies. (rec.doc. 3)  On July 10, 2012, plaintiffs filed another complaint, which the court will treat as plaintiffs' amended complaint.  (rec.doc. 4)

***The Amended Complaint***

In this amended complaint, plaintiff Ford has amended the caption to include only her name, and has dropped the name of plaintiff "WHAT ABOUT ME? The Forgotten Children Part of Second Chance Academy Inc. 501(c)." (rec.doc. 4) Ford also now asserts that Second Chance Academy has "nothing to do with the defendant suit, only in the signing of the agreement only . . . "since the signing personal is a member of the board of Second Chance Academy." (Id., at pg. 2)  As Ford is not an attorney and may not represent this entity in this proceeding, and Ford has amended the complaint to name herself as the only plaintiff, the only viable plaintiff in this suit is Ford.

Plaintiff Ford now alleges that the basis for this court's jurisdiction is defendant's violation of the Fair Housing Act ("FHA") (42 U.S.C.A. § 3613), fraud and slander.  As support for her claims that defendant allegedly violated the FHA, Ford states that on July 3, 2011, she entered into a lease purchase agreement with defendant Carl Rogers and Saundra Rogers[2] for the lease of commercial property located at 6728 Renoir Avenue. Ford alleged that an inspection of the subject property occurred on August 1, 2011, which would have allowed the non-profit school, "WHAT ABOUT ME? The Forgotten Children," to occupy the building, but such occupancy did not occur because hazardous debris remained on the property.  Ford asserts that monthly lease payments were made, but

---

[2]Saundra Rogers is not a party to this suit.

plaintiff was evicted at some point. Id. Ford further asserts that by letter dated January 24, 2012, defendant Carl Rogers and non-defendant Saundra Rogers terminated the option to purchase the commercial property for failure to make payments.

Ford also alleges that defendant created "an environment of chaos, dishonestly (sic), slander, fraud, and attempted embezzlement," and that these activities "were alleged consciously mediated with the sole intention to cause bodily and professional harm and injury to the lessee WHAT ABOUT ME?." Id., at pg. 5. Specifically, Ford states that defendant breached the lease because WHAT ABOUT ME? could not occupy the building despite monthly payments of $670.00 per month, and that he took the lessee, WHAT ABOUT ME?, to court "each month to make sure that public would interpret that our business was obsolete and a failure, which caused "parents to remove their children when this situation began." Plaintiff then refers to state court decisions that allegedly "ruled six (6) times that the lease is legal," and states that the defendant's tactics are "inapprehensible and criminal." Also, Ford alleged that defendant was going to file for bankruptcy and knew this commercial property was part of the bankruptcy, but led the lessee to believe that the property was without encumbrances and "ready to purchase." These allegations form the basis of Ford's claims of fraud and slander.

***In Forma Pauperis Standard***

In order to proceed *in forma pauperis*, a plaintiff not only must meet the financial prerequisite, but also must establish that he has raised a non-frivolous issue under the standard set forth in 28 U.S.C. § 1915(e)(2), which grants the court the authority to dismiss the case at any time if the action is frivolous or malicious, or fails to state a claim on which relief may be granted. An *in forma pauperis* suit is properly dismissed as frivolous if the

claim lacks an arguable basis in either fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992), *citing Neitzke v. Williams*, 490 U.S. 319, 109 S. Ct. 1827, 104 L.Ed.2d 338 (1989); *Hicks v. Garner*, 69 F.3d 22 (5th Cir. 1995). The court has broad discretion in determining the frivolous nature of a complaint. *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993). This discretion includes not only the " authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitze*, at 327. If a complaint is based on an indisputably meritless legal theory, it lacks an arguable basis in law and may be dismissed as frivolous. A complaint may also be dismissed as frivolous if it lacks an arguable basis in fact if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless.[3] Examples of claims which can be dismissed sua sponte under § 1915(e) include claims which allege the violation of a legal interest which clearly does not exist. *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998); *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994) Under 28 U.S.C. §1915(e), this Court is also authorized to dismiss an action brought *in forma pauperis* if satisfied that the action seeks monetary relief against a defendant who is immune from such relief. *See Green v. McKaskle*, 788 F.2d 1116 (5th Cir. 1986). Further, "the district court may dismiss an action on its own motion under Rule 12(b)(6) [of the Federal Rules of Civil Procedure] 'as long as the procedure employed is fair.'" *Franklin v. Laughlin*, 2011 WL 598489, *1 (W.D. Tex. 2011), *quoting, Bazrowz v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998). "Analyzing the

---

[3] *See Denton v. Hernandez*, 504 U.S. 25, 32-33, 112 S.Ct. 1728, 1733-34 (1992).

merits of a plaintiff's claim in a report and recommendation and giving the plaintiff an opportunity to object to the recommendation is a fair process for dismissing a case. *Franklin*, at *1.

A §1915(e) dismissal may be made at any time before or after service of process and before or after an answer is filed. *Green v. McKaskle*, supra. Section 1915(e) also expressly authorizes dismissal of lawsuits as frivolous regardless of whether a filing fee, or any portion thereof, has been paid. It can thus be reasoned that if the court may dismiss a non-IFP case as frivolous under § 1915(e), the court may also deny leave to proceed *in forma pauperis* to preclude the filing of a frivolous complaint or claim. Also, a plaintiff's *pro se* status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." *Green v. Boyd*, 2008 WL 2117671 ( W.D.Tex. 2008), *quoting Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 ( 5th Cir.1986).

Moreover, courts have a continuing duty to examine their own jurisdiction, and are required to dismiss sua sponte any action over which they lack jurisdiction. *Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702, 102 S.Ct. 2099, 72 L.Ed.2d 492 ( 1982). Federal Rule of Civil Procedure 12 further provides in pertinent part that "[iIf the court determines at any time that it lacks subject- matter jurisdiction, the court must dismiss the action." Fed.R.Civ.P. 12(h)( 3)(emphasis added). "It is the duty of the district court, at any level of the proceeding, to dismiss a plaintiff's action *sua sponte*

for failure of Federal jurisdiction even if the litigants do not raise the issue in responsive pleadings or in a motion to dismiss.[4]

## ***GOVERNING LAW AND ANALYSIS***

A review of the pleadings indicates that Ford has no standing to bring a suit under the FHA. Standing is a threshold jurisdictional issue. *Vt. Agency of Natural Res. V. United States*, 529 U.S. 765, 771, 120 S.Ct. 1858, 146 L.Ed.2d 836 (2000). "[T]he requirement that jurisdiction be established as a threshold matter 'springs from the nature of limits of the judicial power of the United States' and is 'inflexible and without exception.' "*Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998) (*quoting Mansfield, Coldwater & Lake Michigan R. Co. v. Swan*, 111 U.S. 379, 382, 4 S.Ct. 510, 28 L.Ed. 462 (1884)). Standing is a question of law. *Rivera v. Wyeth–Ayerst Labs.*, 283 F.3d 315, 319 (5th Cir.2002). "Article III Constitutional standing contains three elements: (1) the plaintiff must have suffered an injury in fact, (2) which is fairly traceable to the challenged conduct of the defendant, and (3) the injury must be likely redressable by a favorable decision." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992).

Here, the lease purchase agreement was for commercial property, and the FHA applies to discriminatory housing practices with regard to *dwellings* "occupied as, or designed or intended for occupancy as, a residence by one or more families, and any vacant land which is offered for sale or lease for the construction or location thereon of any such building, structure, or portion thereof." 42 U.S.C.A. § 3613, Chapter 45. Thus, the

---

[4] Moore's Federal Practice, § 12.30, Mathew Bender 3d ed.; *Howard v. Lemmons*, 547 F.2d 290, 290 (5th Cir. 1977)

Fair Housing Act is inapplicable with regard to the commercial property at issue in this suit. As the FHA is inapplicable here, and Ford was not a party to the lease purchase agreement, she has no standing to bring a suit on her own behalf under the FHA.

Next, with regard to Ford's claims of fraud, there are three basic elements to an action for fraud against a party to a contract: (1) a misrepresentation, suppression, or omission of true information; (2) the intent to obtain an unjust advantage or to cause damage or inconvenience to another; and (3) the error induced by a fraudulent act must relate to a circumstance substantially influencing the victim's consent to (a cause of) the contract. *HSI Telecommunications, Inc. V. Binh Van Corp.*, 2012 WL 2236745 *3 (E.D. LA 2012), *citing Shelton v. Standard/700 Associates*, 01–0587 (La.10/16/01), 798 So.2d 60; *Taylor v. Dowling Gosslee & Associates, Inc.*, 44,654 (La.App.2d Cir.10/7/09), 22 So.3d 246, *writ denied*, 09–2420 (La.2/5/10), 27 So.3d 299. "In addition to the intent to defraud or gain an unfair advantage, there must also be a resulting loss or damage." *HSI Telecommunications,* at *3, citing Sun Drilling Products Corp. v. Rayborn*, 00–1884 (La.App. 4th Cir.10/3/01), 798 So.2d 1141, *writ denied*, 01–2939 (La.1/25/02), 807 So.2d 840; *Cooksey v. Heard, McElroy & Vestal, L.L.P.*, 44,761 (La.App.2d Cir. 9/23/09), 21 So.3d 1011. Here, it is clear that the lease purchase agreement was between Second Chance Academy and Rogers, as Ford has stated she is a board member who signed the agreement. Second Chance Academy is not a party to this suit, and even if it were, Ford cannot represent its interests, or that of WHAT ABOUT ME? because she is not an attorney, and any such representation by Ford subjects her to a charge of the unauthorized

practice of law without a license.[5]  Second, because Ford is proceeding herein only on her own behalf, she does not have standing to raise any fraud claims on behalf of the non-profit corporation as 1) it is not a party to this lawsuit; and 2) even if it were a party, she cannot represent its interests because she is not an attorney.

To the extent she raises fraud claims on her own behalf, Ford has asserted no facts in support of those claims.  With regard to Ford's claims of slander, she has asserted no facts in support of these claims, either. Thus, Ford's claims are frivolous and should be dismissed.  Further, Ford has failed to state a claim upon which relief may be granted, and any further attempt to amend her claim would be futile as any proposed changes to her personal claims would be frivolous and/or legally insufficient.   *See,* Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1487 (2d ed.1990); *see also Ayers v. Johnson,* 247 F. App'x 534, 535 (5th Cir.2007) (unpublished) (per curiam) ("'[A] district court acts within its discretion when dismissing a motion to amend that is frivolous or futile.' " (*quoting Martin's Herend Imports, Inc. v. Diamond & Gem Trading United States of Am. Co.*, 195 F.3d 765, 771 (5th Cir.1999)). As Ford has failed to assert claims on her behalf under any viable legal theory, and there is no other plaintiff due to Ford's filing of the amended complaint, the complaint and amended complaint should be dismissed in their entirety.

***The Motion to Consolidate Complaint***

Ford has filed a document entitled "motion to consolidate complaint" (rec.doc. 5) into the record in this case.  However, the attachment to the motion to consolidate is a

---

[5]Plaintiff previously was advised that she could not represent other individuals or entities on May 30, 2006, in a show cause hearing before the Honorable Frank J. Polozola in Civil Action No. 06-207-FJP-CN, *Brendia Ford, doing business as Second Chance Academy, et. al. v. Entergy Gulf States Baton Rouge, et. al.*

"complaint on defendant's violations of the Internal Revenue Act (Whistle Blower Act) and consolidate investigation cases." This "complaint" is an entirely separate action from the present case, involving different defendants and different causes of action. The new complaint involves Ford's assertions of other individuals utilizing the non-profit corporation's tax identification number fraudulently and failing to pay the non-profit interest on tax liens lodged against the non-profit corporation in connection with the use of the tax identification numbers by other individuals. As the new complaint does not arise from the same circumstances, or involve the same defendants or similar causes of action, the motion therefore should be denied, and the new "complaint" should be filed as a separate action.

## *RECOMMENDATION*

It is the recommendation of the magistrate judge that the motion to consolidate complaints (rec.doc. 5) should be denied, and the new "complaint" be filed into the docket as a separate action.

It is the further recommendation of the magistrate judge that plaintiff Ford's complaint and amended complaint should be *sua sponte* dismissed under 28 U.S.C. § 1915(e) as frivolous, and Ford's application to proceed *in forma pauperis* (rec.doc. 2) therefore should dismissed as moot.

Signed in Baton Rouge, Louisiana, on July 19, 2012.

**MAGISTRATE JUDGE DOCIA L. DALBY**